UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON C. ANDERSON,<br><br>      Plaintiff,<br><br>      v.<br><br>CAMDEN TREATMENT ASSOCIATES, *et al.*,<br><br>      Defendants. | Case No. 25–cv–17998–ESK–MJS<br><br>OPINION AND ORDER |

    **THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Shannon C. Anderson to proceed *in forma pauperis* (IFP) (ECF No. 1–4; *see also* ECF No. 3 (letter regarding income)); and plaintiff having brought this action against defendants Camden Treatment Associates, John Holte, Lisa McConell, and Kyesha Underwood (collectively, Defendants); and the Court finding,

    1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is economically eligible for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (internal quotations omitted)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

    2. Plaintiff's affidavit in support of the Application sufficiently establishes her inability to pay the Court's fees.

    3. The Court shall accordingly screen the action to determine whether the complaint: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). While pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must

allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

6. Here, this action arises out of plaintiff's claims of alleged employment discrimination on the basis of her race, color, gender/sex, age, and disability. (*See* ECF No. 1–1 p. 5.) Plaintiff claims defendants provided unequal conditions of employment, retaliated against her, failed to promote her, and ultimately terminated her employment because of these protected statuses. (*Id.*) For example, plaintiff alleges that she was harassed by a supervisor while hospitalized on short-term disability and was passed up for a promotion because her employer wanted to hire men. (*Id.* at pp. 8, 9.) Plaintiff initially brought administrative charges against defendants at the United States Equal Employment Opportunity Commission (EEOC), and the EEOC made no determination as to plaintiff's claims. (ECF No. 1–3 p. 1.) Plaintiff then timely filed the instant action pursuant to the EEOC's notice of plaintiff's right to sue. (*Id.*) Based on my review of the complaint, defendants' misconduct can be reasonably inferred.[1] *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS** on this **8th** day of **December 2025** **ORDERED** that:

1. The Application at ECF No. 1–4 is **GRANTED.**

---

[1] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion

      2.    The Clerk of the Court is directed to file the complaint (ECF Nos. 1, 1–1) and issue summonses.

      3.    The United States Marshall shall serve a copy of the complaint, summonses, and this Order upon the Defendants pursuant to 28 U.S.C. §1915(d).   All costs of service shall be advanced by the United States.

      4.    The Clerk of the Court is directed to and send a copy of this Order to plaintiff by regular mail.

                                                            /s/ *Edward S. Kiel*
                                                         **EDWARD S. KIEL**
                                                         **UNITED STATES DISTRICT JUDGE**

---

to dismiss filed by a defendant after service.   *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).